IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| BELTRONICS USA, INC.<br>5440 West Chester Road<br>West Chester, Ohio 45069 | )<br>)<br>)<br>) | Case No. __07-2440 JWL__ |
| Plaintiff | )<br>) | **VERIFIED COMPLAINT**<br>**ACCOMPANYING:** |
| vs. | )<br>) | |
| MIDWEST INVENTORY<br>DISTRIBUTION, LLC<br>10627 Rene Street<br>Lenexa, KS 66215 | )<br>)<br>)<br>)<br>) | **APPLICATION FOR SEIZURE ORDER,**<br>**TEMPORARY RESTRAING ORDER,**<br>**PRELIMINARY INJUNCTION,**<br>**AND DEMAND FOR JURY TRIAL** |
| and | ) | |
| i-NET DISTRIBUTORS, LLC<br>11936 West 119th Street, #278<br>Overland Park, KS 66213 | )<br>)<br>) | |
| and | ) | |
| AUDIO VIDEO MAN<br>12704 West 120th TERRACE<br>Overland Park, KS 66213 | )<br>)<br>) | |
| and | ) | |
| MR. KEVIN BURKE<br>8321 Foster Street<br>Overland Park, KS 66212 | )<br>)<br>) | |
| and | ) | |
| MR. STEVE WEBB<br>12704 West 120th Street<br>Overland Park, KS 66213 | )<br>)<br>) | |
| and | ) | |
| JOHN and JANE DOES 1-5 | ) | |
| Defendants. | ) | |

Plaintiff, Beltronics USA, Inc. for its Complaint against Defendants Midwest Inventory Distribution, LLC, i-Net Distributors, Audio Video Man, Kevin Burke, Steve Webb, and John and Jane Does 1-5 (collectively, "Defendants") states and alleges the following:

## NATURE OF THE ACTION

1. This is an action for counterfeiting, trademark infringement, false designation of origin, unfair competition, and passing off, in violation of the laws of the United States, including 15 U.S.C. § 1051 *et seq.* and 15 U.S.C. §§ 1114 and 1116, and the laws of the State of Kansas and Ohio.

## THE PARTIES

2. Plaintiff Beltronics USA, Inc. is a provider of, among other things, aftermarket vehicle electronics including radar detectors with a place of business located at 5440 West Chester Road, West Chester, Ohio 45069. Beltronics USA, Inc. is a wholly-owned subsidiary of Escort Inc. Herein, Beltronics USA, Inc. and Escort Inc. are collectively referred to as "Beltronics."

3. Upon information and belief, Defendant Midwest Inventory Distribution, LLC ("Midwest Inventory") is a Kansas corporation having a place of business at 10627 Rene Street, Lenexa, Kansas 66215. Upon further information and belief, Midwest Inventory operates a distribution network through which it offers for sale, and sells, various products including aftermarket vehicle electronics and radar detectors.

4. Upon information and belief, Defendant i-Net Distributors, LLC ("i-Net Distributors") is a Kansas proprietorship, corporation or company based in Kansas having a

place of business at 11936 West 119th Street #278, Overland Park, Kansas 66213. Upon further information and belief, i-Net Distributors operates a distribution network and/or sales network through which it offers for sale, and sells, various products including aftermarket vehicle electronics and radar detectors.

5. Upon information and belief, Defendant Audio Video Man ("Audio Video Man") is a Kansas proprietorship, corporation or company based in Kansas having a place of business at 12704 West 120th Terrace, Overland Park, Kansas 66213. Upon further information and belief, Audio Video Man operates a distribution network and/or sales network through which it offers for sale, and sells, various products including aftermarket vehicle electronics and radar detectors.

6. Upon information and belief, Defendants Kevin Burke ("Burke"), Steve Webb ("Webb"), and John and Jane Does 1-5 (collectively, "John and Jane Does") are individuals residing in Kansas and affiliated with one or more of Midwest Distributing, i-Net Distributors, and/or Audio Video Man, and operate a distribution network and/or sales network through which they offer for sale, and sell, various products including aftermarket vehicle electronics and radar detectors.

## JURISDICTION AND VENUE

7. This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 *et seq.* It also arises under state common law.

8. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a). Jurisdiction over the claims brought under state common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9. Venue in this court is based upon 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

10. Beltronics is the owner of United States registered trade mark BELTRONICS, subject of U.S. Reg. Nos. 3,072,536 and 2,896,738 for, among other things, police radar and laser detectors. These registrations are valid, and a copy of the above-identified registrations are attached as Exhibits A and B, respectively.

11. Beginning as early as 2003, Beltronics has provided products under the trademark BELTRONICS.

12. Beltronics has expended large sums of money over several years in the advertising of aftermarket vehicle electronics under the BELTRONICS mark. By way of example, Beltronics has expended large sums of money advertising and developing name recognition in the trademark BELTRONICS for its aftermarket vehicle radar and laser detectors and vehicle performance computers. As a result of this promotion and advertising, Beltronics has become known to the trade and the general public and has established good will and public recognition for the BELTRONICS mark as an identifier of Beltronics.

13. Recently Beltronics became aware of the sale via the Internet of Beltronics' RX65 radar detectors bearing counterfeit serial number labels. This came to Beltronics' attention via customer warranty inquiries seeking to return units for repair. The serial numbers provided by those customers were invalid, and upon receipt and inspection of the units, it was revealed that the serial number label on the units had been counterfeited. These products with counterfeit labels are hereinafter referred to as "Goods Bearing Counterfeit Mark."

14. Attached hereto as Exhibit C is the Declaration of Mr. Ron Gividen. Exhibit C1 attached to Mr. Gividen's Declaration shows on the left side a legitimate Beltronics

RX65 serial number label, and on the right a counterfeit label. The label to the right is counterfeit for several reasons. First, the serial number on the counterfeit label, BT127418, is not in the correct format and has never been used as a serial number by Beltronics. Second, the counterfeit label has the wrong size and the typeface, while similar, is not the typeface used by Beltronics. It can be seen that the counterfeit label does not fit the molded area in the housing of the RX65 unit.

15. On the counterfeit label attached hereto as Exhibit C1, the BELTRONICS trademark has been counterfeited. Further, the unique FCC ID held by Beltronics has also been counterfeited.

16. Beltronics has received several units bearing a counterfeit label identical to that shown on the right in Exhibit C1. Beltronics has traced the origin of these units, as set forth below.

17. A first unit was purchased by a Beltronics employee from the web retailer HPDirectAV.com. This unit was received via UPS in a shipping box bearing an address label with a return address for LGDSuperstore.com at 1643 McDonald Avenue, Brooklyn NY 11230, telephone number 718-787-0817. However, UPS indicated that the tracking number for the box is assigned to account 27Y74V for "MID", located at 10627 Rene, Lenexa, Johnson County, Kansas, 66215-4052, contact name Kevin Burke, telephone number 913-851-3849. The UPS label is attached hereto as Exhibit C2 and the shipping tracking for this UPS package is attached as Exhibit C3.

18. Midwest Inventory advertises itself as doing business at 10627 Rene, Lenexa, Johnson County, Kansas, 66215-4052. Midwest Inventory refers to itself as "MID."

396023-1 BSCHATZ

Upon information and belief, the business identified above for which UPS indicated that the tracking number for the box is assigned to account 27Y74V for "MID", located at 10627 Rene, Lenexa, Johnson County, Kansas, 66215-4052, is Midwest Inventory.

19. Upon information and belief, Midwest Inventory has and continues to advertise for sale, offer for sale, and sell the Goods Bearing Counterfeit Mark, including goods bearing counterfeit BELTRONICS mark. Midwest is currently advertising on its Internet website products for sale under the BELTONICS trademark. Midwest is also currently advertising on its website that it is currently engaging in this activity in this judicial district, and at the business located at 10627 Rene, Lenexa, Johnson County, Kansas, 66215-4052.

20. A second unit was returned by a customer. The customer purchased this unit via eBay. The customer provided Beltronics the eBay auction number, which indicates that the unit was purchased from eBay seller "i-net distributors". Through the eBay VeRO program, i-net distributors has been identified as at the address P.O. Box 26543, Overland Park, Kansas 66225-6543. The domain name inetdistributors.com is registered to an address 12704 West 120th Terrace, Overland Park, Kansas 66213.

21. A third unit was returned by a customer. The customer purchased this unit from the Internet retailer HPDirectAV.com. The customer's credit card charge was sent with the unit and it shows the retailer as HYPERAUDIO, 1643 McDonald Ave, Suite 2, Brooklyn NY 11230. The unit was received via UPS. The UPS tracking information for this unit shows that the unit was picked up in Lenexa, Kansas for delivery to the customer.

22. A fourth unit was returned by a customer. The customer purchased this unit from a web site retailer, using the ID audiovideoman at the Internet retail site vendio.com. The email address and contact information for audiovideoman at vendio.com shows this retailer

at an address in Overland Park, Kansas 66213, at the telephone number 913-825-6117. A printout of this contact information is attached hereto as Exhibit C6. The customer's PayPal payment identifies the seller as inetdistributors.com, with a customer service number of 913-825-0510.

23. Burke is the resident agent of i-Net Distributors. Upon information and belief, Burke is a resident of Kansas and is affiliated with one or more of Midwest Distributing, i-Net Distributors, and/or Audio Video Man, and pursuant to that affiliation operates and/or is involved in a distribution network and/or sales network through which he offers for sale, and sells, various products including aftermarket vehicle electronics and radar detectors.

24. Webb is a resident of Kansas with an address of 12704 West 120th Terrace, Overland Park, Kansas 66213, the same address of Audio Video Man. Upon information and belief, Webb is affiliated with one or more of Midwest Distributing, i-Net Distributors, and/or Audio Video Man, and pursuant to that affiliation operates and/or is involved in a distribution network and/or sales network through which he offers for sale, and sells, various products including aftermarket vehicle electronics and radar detectors.

25. Upon information and belief, John and Jane Does are residents of Kansas and are affiliated with one or more of Midwest Distributing, i-Net Distributors, and/or Audio Video Man, and pursuant to that affiliation operate and/or are involved in a distribution network and/or sales network through which they offer for sale, and sell, various products including aftermarket vehicle electronics and radar detectors.

26. Defendants offer the Goods Bearing Counterfeit Mark in the same areas and regions as Beltronics.

27. Defendants offer the Goods Bearing Counterfeit Mark nationwide.

28. Both Beltronics' aftermarket vehicle radar and laser detectors sold under the trade mark BELTRONICS and Defendants' Goods Bearing Counterfeit Mark can be characterized as consumer electronics.

29. Upon information and belief, Defendants' advertisement for sale, offers for sale, and sales of the Goods Bearing Counterfeit Mark and use of the BELTRONICS mark, have caused and will cause actual confusion among ordinary purchasers, including purchasers of aftermarket vehicle electronics provided by Beltronics under the BELTRONICS mark.

## COUNT I

### Counterfeiting And Federal Trademark Infringement

30. This is a cause of action for counterfeiting and federal trademark infringement under 15 U.S.C. § 1114.

31. The allegations of Paragraphs 1-30 are incorporated by reference as if fully set forth herein.

32. The BELTRONICS designation used by Defendants in connection with their offering of the Goods Bearing Counterfeit Mark is a reproduction, counterfeit, copy and/or colorable imitation of Beltronics' federally registered BELTRONICS mark. Such use is likely to cause confusion, mistake, and/or deception and will cause serious and irreparable damage to the reputation and good will of Beltronics in violation of 15 U.S.C. § 1114, for which Beltronics is without an adequate remedy at law.

33. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

## COUNT II

### False Designation Of Origin

34. This is a cause of action for false designation of origin under 15 U.S.C. § 1125.

35. The allegations of Paragraphs 1-34 are incorporated by reference as if fully set forth herein.

36. The BELTRONICS designation used by Defendants in connection with the offering of the Goods Bearing Counterfeit Mark tends falsely to represent or designate that the products and/or services of Defendants are licensed by, sponsored by, and/or otherwise affiliated with Beltronics, when in fact Defendants have no connection with or authorization from Beltronics. This constitutes a false designation of origin in violation of 15 U.S.C. § 1125, which violation is likely to damage Beltronics, for which Beltronics is without an adequate remedy at law.

37. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

## COUNT III

### Trademark Infringement, Unfair Competition and Passing Off
### in Violation of Kansas and Ohio Law

38. This is a cause of action for trademark infringement, unfair competition and passing off under the laws of the State of Kansas and Ohio.

39. The allegations of Paragraphs 1-38 are incorporated by reference as if fully set forth herein.

40. Upon information and belief, Defendants have engaged in business in Kansas, among other places, and offer the Goods Bearing Counterfeit Mark and radar detectors under the BELTRONICS designation with full knowledge of Beltronics' registrations and prior use of its BELTRONICS mark. In doing so, Defendants have passed off their products as those of Beltronics by creating the impression among the public that the products, including the Goods Bearing Counter Mark offered by Defendants, are licensed or sponsored by Beltronics, when in fact they are not. Defendants have misappropriated Beltronics' valuable good will and public recognition of the BELTRONICS mark which has been developed over a period of several years by Beltronics, and Defendants have unlawfully benefited and been unjustly enriched by such activities. The use by Defendants of the BELTRONICS designation constitutes unfair competition under the laws of the State of Kansas and the State of Ohio. This use has injured the business reputation of Beltronics and diluted the distinctive quality of Beltronics' BELTRONICS mark, and will cause irreparable harm, damage, and injury to Beltronics unless restrained and enjoined by this Court.

**WHEREFORE**, Plaintiff Beltronics USA, Inc. prays:

A. That this Court grant Beltronics' request to conduct a seizure of the Goods Bearing Counterfeit Mark, as more fully set forth in the Ex Parte Application for Seizure Order filed in connection with this Complaint.

B. That this Court enter a decree holding that Defendants have infringed Beltronics' registered marks under the federal trademark laws and have engaged in the sale and offer for sale of goods bearing a counterfeit mark.

C. That this Court enter a decree that Defendants have falsely designated that their products originate from Beltronics and that Defendants have unfairly competed with Beltronics and passed off its products as those of Beltronics in violation of the laws of the State of Kansas and the State of Ohio.

D. That Defendants be preliminarily and permanently enjoined and restrained from any use of the BELTRONICS designation, or any other colorable imitation of the BELTRONICS designation, including but not limited to in connection with the provision of radar detectors, and from any other acts which will injure or likely injure the business reputation of Beltronics.

E. That Defendants be preliminarily and permanently enjoined from representing or passing off by words or implication that they and/or any company with which they are involved, are affiliated or associated with, or sponsored or authorized by, Beltronics, and that they be enjoined from infringing Beltronics' BELTRONICS mark or otherwise competing unfairly with Beltronics in any manner whatsoever.

F. That Defendants be ordered to deliver up to Beltronics and/or for destruction all products and advertising and promotional materials containing the BELTRONICS

designation, and discontinue use of such on any signs, newspapers or other advertisements, telephone directory listings, telephone directory databases, and/or any other printed or otherwise published materials.

G. That Defendants be ordered to remove any and all listings in any directories, including but not limited to any Internet directory, telephone directory and/or telephone directory assistance database, of any colorable imitation of Beltronics' BELTRONICS mark.

H. The Defendants be ordered to submit to a deposition and inquiry immediately upon execution of the seizure of the Goods Bearing Counterfeit Mark, as more fully set forth in the Ex Parte Application for Seizure Order;

I. That Defendants be ordered to file with this Court and serve on Beltronics within thirty (30) days after entry of the final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which they have complied with the final judgment.

J. That Beltronics be awarded all profits realized by Defendants and all damages sustained by Beltronics by reason of Defendants' counterfeiting, trademark infringement, passing off, unfair competition, and/or injury to business reputation, and that such damages be trebled as a result of Defendants' willful infringement.

K. That this is an exceptional, willful, and flagrant case pursuant to 15 U.S.C. § 1117(a), and that Beltronics be awarded the cost of this action and reasonable attorney fees.

L. For such other and further relief as the nature of the case may require and as may be deemed just and equitable.

## JURY DEMAND

Beltronics hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: September 14, 2007

By: /s/ Michael B. Hurd
Michael B. Hurd, Kansas Reg. 12521
Jennifer C. Bailey, USDC KS 77980
Hovey Williams LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108
(816) 474-9050 Telephone
(816) 474-9057 Facsimile
mhurd@hoveywilliams.com
jbailey@hoveywilliams.com

OF COUNSEL:

Thomas W. Flynn, Esq. (Ohio Reg. 016466)
Brett A. Schatz, Esq. (Ohio Reg. 0072038)
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
(513) 241-2324 Telephone
(513) 241-6234 Facsimile

*ATTORNEYS FOR PLAINTIFF*
*BELTRONICS USA, INC.*

## VERIFICATION

Ron E. Gividen, being duly sworn, states that he is the E-Commerce Business Manager of Escort Inc., which wholly owns Plaintiff Beltronics USA, Inc., that he is authorized to execute this Verification, and that he has read the above Complaint and that all statements therein are true and accurate, to his best believe and knowledge.

Date 09/12/07

_____

STATE OF OHIO         )
                      ) ss:
COUNTY OF Butler      )

Subscribed and sworn to before me this 12th day of SEPTEMBER, 2007.

_____
Notary Public

ANITA L. FREEMAN
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 09-25-11