IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| BELTRONICS USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-2440 JWL-GLR |
| | ) |
| MIDWEST INVENTORY DISTRIBUTION LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISSOLVE THE SEIZURE ORDER,
RETURN PROPERTY, AND QUASH THE SUBPOENA
COMPELLING THE DEPOSITION OF JOHN M. SCHOENHOFER**

Defendants respectfully move that this Court dissolve the Ex Parte Seizure Order of September 20, 2007. Defendants also respectfully move that this Court order Beltronics USA, Inc. ("Beltronics") to return all property taken from Defendants pursuant to the Seizure Order and that it quash the subpoena requiring John M. Schoenhofer to appear before Beltronics' lawyers for a deposition on October 10, 2007, or any other date. In support of their Motion, Defendants offer the following points, the facts of which are fully noted in the contemporaneously filed Memorandum In Support and Declarations of Steve Webb and Kevin Burke.

1.  Pursuant to 15 U.S.C. § 1116(d)(4)(B)(iii), a seizure order may only be issued if the "applicant is likely to succeed in showing that the person against whom seizure would be ordered *used a counterfeit mark* in connection with the sale, offering for sale, or distribution of goods or services." Furthermore, the applicant for a seizure order must demonstrate that "the

matter to be seized will be located at the place identified in the application." *Id.* at § 1116(d)(4)(B)(v).

2. Judge Murguia issued a Seizure Order—based on the sworn declaration of Ron E. Gividen—on September 20, 2007, authorizing law enforcement officers to seize from Defendants' warehouse the following:

> *Beltronics and/or Escort branded radar* detectors including but not limited to model RX65 radar detectors *bearing counterfeit labels* or other counterfeit components, including those records documenting the manufacture, sale, or receipt of things involved in such detectors, counterfeit labels or other counterfeit components.

Ex. A, Seizure Order, at 1 (emphasis added).

3. The Seizure Order authorized Beltronics' lawyers to attend the seizure, but it directed that law enforcement officers carry out the seizure. *Id.*

4. Beltronics' lawyers—in violation of the terms of the Order—carried out the seizure while the United States Marshals Service merely attended the seizure. Beltronics' lawyers removed numerous radar detectors and five boxes of documents, most of which were not covered by the terms of the Order. Furthermore, Beltronics' lawyers accessed and downloaded numerous files from Defendants' computers, many of which—upon information and belief—were beyond the scope of the items authorized to be seized pursuant to the Seizure Order.

5. As evidenced by the attached Declarations, the items seized by Beltronics do not bear any "counterfeit" mark as defined by the Lanham Act. The Beltronics products received from Eagle Distributors, Inc. ("Eagle") and R & D Distribution, Inc. ("R & D") arrive with their serial numbers removed or replaced. At no time did Defendants affix any Beltronics mark to any Beltronics product sold by them.

6. Pursuant to 15 U.S.C. § 1116(d)(10)(A), this Court is required to hold a hearing "not sooner than ten days after the order is issued but not later than fifteen days after the order is

issued, unless the applicant for the order shows good cause for another date or unless the party against whom such order is directed consents to another date." At this hearing, Beltronics must "prove that the facts supporting findings of fact and conclusions of law necessary to support such order are still in effect." *Id.* If Beltronics fails to meet its burden, "the seizure order shall be dissolved or modified appropriately." *Id.*

7. Given that the Seizure Order was issued by Judge Murguia on September 20, 2007, and 19 days have now past, Defendants do not know whether Beltronics intends this Court's Telephone Status Conference set for October 9, 2007 to constitute the hearing required by 15 U.S.C. § 1116(d)(10)(A). In any event, Beltronics cannot make the requisite showing to uphold the Seizure Order at this time. As the deadline has already passed, Defendants object to any further extension of the date by which Beltronics must meet its burden without just cause.

8. Because Defendants never sold any Beltronics products bearing a counterfeit mark, and none of the products seized from Defendants' warehouse bear a counterfeit mark, Beltronics cannot show that Defendants used a counterfeit mark "in connection with the sale, offering for sale, or distribution of goods and services." *See* 15 U.S.C. § 1116(d)(4)(B)(iii). Nor can Beltronics show that any counterfeit items were located at Defendants' warehouse. *See id.* at § 1116(d)(4)(B)(v).

9. Pursuant to 15 U.S.C. § 1116(d)(10)(A), if Beltronics cannot show that the predicate factual requirements for the Seizure Order are still in effect, the Order must be dissolved or modified. In this case, the Order should be dissolved entirely because Defendants have not sold Beltronics products bearing a counterfeit mark.

10. If this Court dissolves the Seizure Order, it should order Beltronics to return all seized property to Defendants. Alternatively, it should take custody of the items seized so that Defendants can have access to them and make a full accounting of what was taken.

11. If this Court dissolves the Seizure Order, it should also quash the subpoena requiring Defendants' employee John M. Schoenhofer to appear before Beltronics' lawyers for a deposition. There is no need for expedited discovery if the Seizure Order is dissolved. Alternatively, Defendants move that the Court order Beltronics to schedule Mr. Schoenhofer's deposition at a time when counsel for Defendants can be present.

**Wherefore**, Defendants respectfully move that this Court dissolve the Seizure Order, order Beltronics to return the seized property, and quash the subpoena of Mr. Schoenhofer.

Respectfully submitted,

/s/ Maxwell Carr-Howard
Maxwell Carr-Howard      KS # 21042
Lara Dickey Lewis         KS # 19693
Derek T. Teeter           KS # 23242
Blackwell Sanders LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 9, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Michael Elbein, Esq.
Michael B. Hurd, Esq.
Jennifer C. Bailey, Esq.
Hovey Williams, LLP
2405 Grand Boulevard, Suite 400
Kansas City, MO  64108

Brett A. Schatz, Esq.
Thomas W. Flynn, Esq.
Wood Herron & Evans, LLP
2700 Carew Tower
441 Vine Street
Cincinnati, OH  45202

Attorneys for Plaintiffs

                /s/ Maxwell Carr-Howard
                Attorney