IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BELTRONICS USA, INC.,

    Plaintiff,

    v.   Case No. 07-2440-JWL

MIDWEST INVENTORY
DISTRIBUTION LLC, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

When plaintiff Beltronics USA, Inc. initiated this lawsuit it promptly obtained an ex parte seizure order pursuant to 15 U.S.C. § 1116(d) and seized radar detectors allegedly bearing counterfeit Beltronics marks and other materials from defendants Midwest Inventory Distribution, LLC, i-Net Distributors, Audio Video Man, Kevin Burke, and Steve Webb. The court subsequently issued an order that dissolved the seizure order and granted Beltronics a preliminary injunction prohibiting defendants from selling Beltronics goods that do not bear an original Beltronics serial number label. *See generally Beltronics USA, Inc. v. Midwest Inventory Distrib'n LLC*, 522 F. Supp. 2d 1318 (D. Kan. 2007). Defendants have appealed the court's issuance of the preliminary injunction. This matter comes before the court on Defendants' Motion to Stay All Proceedings Pending Resolution of the Interlocutory Appeal (doc. #57). As explained in more detail below, the court will grant this motion

because it believes a stay would further the just, speedy, and inexpensive determination of this action.

During the pendency of defendants' appeal of the preliminary injunction, this court retains jurisdiction to act on matters not involved in the appeal and to proceed with the action on the merits. *Colorado v. Idarado Min. Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). This court has the power to stay proceedings pending before it as part of its inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The court should use this power in its discretion to provide "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In exercising this discretion, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. The Tenth Circuit has stated that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983); *accord MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 986 (10th Cir. 1992). The court must stay within the "bounds of moderation" when granting a stay. *Landis*, 299 U.S. at 256.

Here, defendants argue that a stay is warranted in the interest of efficiency and judicial economy because the root of this case is the legal question of whether defendants' sale of genuine Beltronics radar detectors falls within the "first sale" doctrine exception to Beltronics' trademark infringement and unfair competition claims. Defendants contend that

the first sale doctrine is a defense to each of Beltronics' federal and state claims, and therefore defendants' appeal of the court's ruling on the first sale doctrine issue is unique in the sense that it has the potential to dispose of plaintiff's entire case without the need for discovery or a trial.  According to defendants, waiting for the Tenth Circuit to resolve this central legal issue will benefit both parties because resolution of this issue has the potential to dramatically expedite this litigation and lower the cost of litigation for both parties.  Thus, defendants believe that a stay pending resolution of the appeal would conserve judicial resources by dramatically streamlining the course of this litigation.

As a threshold matter, the court reaffirms its position on the likelihood that plaintiff will succeed on the merits based on the preliminary injunction record.  The law is well settled that a product does not fall under the first sale doctrine when notice that the item has been repackaged is inadequate or when an alleged infringer sells trademarked goods that are materially different from those sold by the trademark owner.  *See Brilliance Audio, Inc. v. Haights Cross Comm'ns, Inc.*, 474 F.3d 365, 369-70 (6th Cir. 2007) (noting that the Sixth Circuit was joining the First, Second, Third, Fifth, and Eleventh Circuits in following this rule).  The court determined that Beltronics was likely to succeed on the merits of its claims by overcoming defendants' first sale defense because the evidence presented at the preliminary injunction phase indicated that the radar detectors being sold by defendants were materially different from those sold by Beltronics.  *See, e.g.*, *id.* at 370 ("The question of materiality is a fact-based inquiry requiring an examination of the products and markets at issue."); *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001)

(looking to the testimony of industry experts and findings that physical alterations of the good's container degraded the appearance of the product in finding a material alteration); *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 635 (1st Cir. 1992) (noting that materiality must be determined "on a case-by-case basis"). The evidence showed that Beltronics became aware of defendants' practices with respect to Beltronics radar detectors by way of customer warranty inquiries seeking to return units for repair; that Beltronics customer service personnel had been told by customers that they believed they had been deceived; that customers became irate about having been duped into purchasing an illegitimate product that did not carry with it warranty, rebates, recalls, and software upgrades; and that defendants' alleged disclosures to consumers concerning the product warranty were apparently insufficient to ameliorate this confusion. Thus, it appeared that defendants' practices relating to phony or removed serial number labels on the Beltronics radar detectors were likely to cause customer confusion.

Nonetheless, resolution of the first sale doctrine issue in this case would significantly advance the course of this litigation. Even if defendants do not prevail on appeal, resolution of this issue by the Tenth Circuit could clarify the appropriate parameters for future discovery and motion practice in this case, thereby streamlining the course of this litigation. Additionally, Beltronics has not persuaded the court that it will suffer any demonstrable prejudice by the delay that might be caused by the pending appeal, as the court suspects that the Tenth Circuit will resolve this appeal fairly promptly and defendants are no longer selling Beltronics products in any event. Accordingly, the court believes that the time and effort of

the parties and the court would be best served by staying Beltronics' damage claims while the appeal is pending.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay All Proceedings Pending Resolution of the Interlocutory Appeal (doc. #57) is granted.

**IT IS SO ORDERED** this 20th day of February, 2008.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge