IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BELTRONICS USA, INC., )
)
           Plaintiff, )
)
v. ) Case No. 07-CV-02440-JWL-GLR
)
MIDWEST INVENTORY DISTRIBUTION )
LLC, et al., )
)
           Defendant. )

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Beltronics USA, Inc. ("Beltronics") and Defendants, Midwest Inventory Distribution LLC, i-Net Distributors LLC, Audio Video Man,[1] Kevin Burke, and Steve Webb (collectively, "Midwest"), having executed this Consent Judgment in the above-styled action and the Court, having reviewed this Consent Judgment and determined its entry is appropriate, hereby enters this document as a Consent Judgment executed by the Court, and finds and ORDERS as follows:

    1.    This is an action for counterfeiting, trademark infringement, false designation of origin, unfair competition, and passing off, in violation of the laws of the United States, including 15 U.S.C. § 1051 *et seq.* and 15 U.S.C. §§ 1114 and 1116, and the laws of the State of Kansas and Ohio.

    2.    Beltronics has alleged that Midwest has engaged in the distribution and sale of Beltronics products after removing or having removed legitimate Beltronics' labels incorporating Beltronics' federally registered BELTRONICS trademark and legitimate Beltronics serial

---

[1] Defendants have indicated that i-Net Distributors LLC and Audio Video Man are not independent corporate entities but only trade names used to sell goods on the internet. In any event, to the extent i-Net Distributors LLC and Audio Video Man have any legal existence, this Consent Judgment and Permanent Injunction is binding on them as it is on all other parties to this action.

KCP-1700788-3

numbers, and Beltronics has further alleged that Midwest has engaged in the distribution and sale of Beltronics products after a phony label incorporating Beltronics federally registered BELTRONICS trademark and phony serial numbers has been applied, and that this conduct by Midwest constitutes counterfeiting, trademark infringement, false designation of origin, unfair competition, and passing off, in violation of the laws of the United States, including 15 U.S.C. § 1051 et seq. and 15 U.S.C. §§ 1114 and 1116, and the laws of the State of Kansas and Ohio.

3. This Court has subject matter jurisdiction over Beltronics' cause of action. This Court also has personal jurisdiction over Midwest as Midwest has continuous and systematic business contacts with the State of Kansas and this judicial district.

4. Midwest shall immediately and permanently discontinue engaging or participating in any manner in the distribution and sale of Beltronics products after removing or having removed legitimate Beltronics' labels incorporating Beltronics' federally registered BELTRONICS trademark and legitimate Beltronics serial numbers. Midwest shall immediately and permanently discontinue engaging in the distribution and sale of Beltronics products after a phony label incorporating Beltronics federally registered BELTRONICS trademark and phony serial numbers has been applied.

5. Midwest shall immediately and permanently discontinue engaging or participating in any manner in the promotion, distribution, and sale of products sold or offered for sale by Beltronics. Midwest shall, after the execution of this Consent Judgment, never participate in the promotion, distribution, and sale of products sold or offered for sale by Beltronics. Midwest shall after the execution of this Consent Judgment never possess, or participate in the making or application to products of, labels that relate or refer to Beltronics. Midwest shall after the execution of this Consent Judgment never serve as a principal, agent, consultant, or employee of

a business that engages or participates in the promotion, distribution, and sale of products sold or offered for sale by Beltronics.

6. Midwest shall immediately and permanently discontinue engaging or participating in any manner in the promotion, distribution, and sale of products sold or offered for sale by Escort Inc. Midwest shall, after the execution of this Consent Judgment, never participate in the promotion, distribution, and sale of products sold or offered for sale by Escort Inc. Midwest shall, after the execution of this Consent Judgment, never possess, or participate in the making or application to products of, labels that relate or refer to Escort Inc. Midwest shall, after the execution of this Consent Judgment, never serve as a principal, agent, consultant, or employee of a business that engages or participates in the promotion, distribution, and sale of products sold or offered for sale by Escort Inc.

7. Midwest shall immediately return to Beltronics all Beltronics and Escort products, labels, and all other materials containing the BELTRONICS and/or ESCORT trademark. But nothing in this Consent Judgment shall prohibit the individual defendants from retaining or possessing for personal use Beltronics and/or Escort products.

8. Within five (5) days of the entry of this Consent Judgment, the Parties shall file a Stipulation of Dismissal with prejudice in Civil Action No. 07- 2440, whereby Beltronics shall dismiss its claims against Midwest with prejudice, and Midwest shall dismiss its counterclaims against Beltronics with prejudice. The Parties agree that all costs, fees and expenses incurred, related to or arising out of Civil Action No. 07-2440 (including, without limitation, attorney and expert fees and expenses) shall be borne solely by the party incurring such costs.

9. Midwest acknowledges that it cannot defeat Beltronics' claims of trademark infringement and unfair competition in connection with the claims asserted by Beltronics in Civil Action No. 07-2440.

10. Midwest acknowledges that Beltronics is the owner of United States registered trademark BELTRONICS, subject of U.S. Reg. Nos. 3,072,536 and 2,896,738 for, among other things, police radar and laser detectors. Midwest acknowledges that these trademarks are valid and enforceable.

11. Midwest acknowledges that it cannot prevail on its claims that Beltronics, or its agents, lawyers, representatives, or any affiliated companies including but not limited to Escort Inc., have engaged in wrongful seizure, trespass to land, trespass to chattels, or false imprisonment, as complained in Midwest's Counterclaims.

12. Release and Covenant not to Sue: Beltronics, for itself, and its predecessors and successors, assigns, licensees and agents, hereby fully, irrevocably and unconditionally releases and forever discharges, and covenants not to sue Midwest and Midwest's shareholders, representatives, parent companies, subsidiaries, affiliates, predecessors, successors and assigns and their respective officers, directors, employees, agents, lawyers, and all other persons acting for, by, through, or in concert therewith, such as vendors, of, from, or related to any charges, claims, complaints, demands, liabilities, causes of action, losses, costs or expenses (including related attorneys' fees and costs) of every nature and description whatsoever that it had, has or may have, whether in law or equity, or hereafter can, shall, or may have, whether known or unknown, arising by, under or related to Civil Action No. 07-2440, or the subject matter thereof.

13. Release and Covenant not to Sue: Midwest, for itself, and its predecessors and successors, assigns, licensees and agents, hereby fully, irrevocably and unconditionally releases

and forever discharges, and covenants not to sue Beltronics or Escort Inc. and their shareholders, representatives, parent companies, subsidiaries, affiliates, predecessors, successors and assigns and their respective officers, directors, employees, agents, lawyers, and all other persons acting for, by, through, or in concert therewith, such as vendors, of, from, for or related to any charges, claims, complaints, demands, liabilities, causes of action, losses, costs or expenses (including related attorneys' fees and costs) of every nature and description whatsoever that it had, has or may have, whether in law or equity, or hereafter can, shall, or may have, whether known or unknown, arising by, under or related to Civil Action No. 07-2440, or the subject matter thereof.

14. Nothing in this Consent Judgment shall be construed as a grant of any license by Beltronics or Escort Inc. to Midwest.

15. This Consent Judgment shall be interpreted as if jointly written by both Parties.

16. Beltronics and Midwest acknowledge, represent and warrant that, in entering this Consent Judgment, each party has made an independent investigation of the facts and is not relying upon any statements or representations, other than those contained herein, made by the other party, its agents or representatives, and that no one, including any of the Parties' agents, employees, attorneys or representatives, has made any promise, representation or warranty relating thereto, or offered any inducement to enter into this Consent Judgment, except as recited herein.

17. If any part, term or provision of this Consent Judgment is finally declared or determined by any court to be illegal or invalid, such illegal or invalid part, term or provision shall be deemed not a part of this Consent Judgment, and the validity of the remaining parts, terms, or provisions shall not be affected or impaired thereby and shall remain in full force and effect.

18. The undersigned corporate representatives represent and warrant that they have full authority to execute this Consent Judgment on behalf of the respective corporations to bind such corporations to the terms hereof, and that all necessary action has been taken to authorize the same.

19. This Consent Judgment shall be binding upon, and shall inure to the benefit of, the Parties hereto, their successors and assigns.

20. This Consent Judgment constitutes a full mutual release and discharge of all the claims set forth in the Parties' pleadings, as well as any claims or counterclaims which could have been filed arising from the matters set forth in the pleadings. Such release and discharge apply to any such claims by or against the officers, directors, employees, owners, subsidiaries, and related corporations of each of the parties.

21. Nothing herein will constitute an admission of liability unless otherwise expressly noted herein.

22. This Consent Judgment shall be construed, interpreted, and subject to the laws of the State of Kansas. The United States District Court for the District of Kansas shall have sole jurisdiction over any disputes arising out of or related to this Consent Judgment, exclusive to all other Courts.

23. If any party brings any suit, arbitration, declaratory action or any other action against another party for relief arising out of this Consent Judgment, the prevailing party shall recover its attorneys' fees and costs. Such recovery shall include reasonable attorneys' fees and costs incurred in connection with the matter both prior to and after the commencement of the action, including reasonable attorneys' fees incurred in connection with Civil Action No. 07-2440.

24. The Parties agree that a material breach of this Consent Judgment by either party may cause irreparable harm for which the nonbreaching party may not be fully or adequately compensated by the recovery of monetary damages alone. Therefore, the Parties agree that, in addition to all other remedies available at law or in equity, either party shall have the right to seek injunctive relief to protect its rights hereunder.

25. This Consent Judgment may be executed in counterparts and via facsimile signatures, and each counterpart shall be deemed to be an original for all purposes.

| Date: _____ | BELTRONICS USA, INC.<br>By: _____<br>John P. Larson<br>President & CEO Beltronics |
|---|---|
| Date: July 23, 2009 | MIDWEST INVENTORY DISTRIBUTION, LLC<br>By: _____ |
| Date: July 23, 2009 | i-NET DISTRIBUTORS, LLC<br>By: _____ |
| Date: July 23, 2009 | AUDIO VIDEO MAN<br>By: _____ |
| Date: July 23, 2009 | _____<br>KEVIN BURKE |
| Date: _____ | _____<br>STEVE WEBB |

SO ORDERED:

s/ John W. Lungstrum
**UNITED STATES DISTRICT JUDGE**